**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-11009
(Summary Calender)
_____

JACQUELINE MARKS, Individually and a/n/f/ of Jaquia Monique Marks,
a Minor,

                                             Plaintiff-Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

                                             Defendant-Appellee.


_____
Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-491-T)
_____
March 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

    In this insurance coverage dispute arising from injuries

sustained during an automobile collision in Arlington, Texas,

Plaintiff-Appellant Jacqueline Marks, on behalf of her minor

daughter, Jaquia Marks, appeals the district court's grant of the

_____

    *Pursuant to 5TH Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

1

motion of Defendant-Appellee State Farm Fire and Casualty Company ("State Farm") for summary judgment and denial of her cross-motion for summary judgment. Marks contends that the district court erred in concluding that (1) Illinois law, and not Texas law, is applicable in this dispute, and (2) under Illinois law, State Farm is not liable for its refusal to provide underinsured motorist coverage for those injuries sustained by her daughter above that provided by the insurer of the party at fault in the accident.

Having carefully and fully considered the record and the arguments and briefs of counsel as well as the thorough and well-reasoned opinion of the district court, we conclude that (1) Plaintiff-Appellant's argument that Article 21.42 of the Texas Insurance Code requires that Texas law be applied here is contravened by substantial authority to the contrary, (2) all factors considered by Texas in resolving choice of law questions either favor Illinois law or are neutral, and (3) under Illinois law, State Farm is not liable — either for breach of contract or for any breach of its duty of good faith and fair dealing — because of its refusal to provide underinsured motorist coverage to Marks by virtue of the pertinent provision of the insurance contract between the parties. Consequently, summary judgment was properly granted to State Farm and denied to Marks. We therefore affirm the judgment of the district court largely for the reasons set forth in its comprehensive opinion.

AFFIRMED.